## Withers et al. v. Marshall.

December 6, 1949.

A. E. Funk, Attorney General, and John C. Talbott, Assistant Attorney General, for appellants.

Burwell K. Marshall for appellee.

CHIEF JUSTICE SIMS—Affirming.

Burwell K. Marshall brought this action to enjoin the Commissioner of Highways and the Director of the Highway Patrol from interfering with him in the operation on the highways of a small four-wheel, rubber-tired wagon attached behind his passenger automobile. The trial judge overruled appellants' general demurrer, they refused to plead further and the court granted the prayer of the petition and enjoined appellants.

The sole question for our determination is whether or not the small wagon which was designed to be pulled behind an ordinary passenger automobile comes within the inhibition of our statute forbidding a trailer or semi-trailer to be pulled behind a truck or truck-tractor

on our highways without a license. A decision of the question involves a construction of the statutes.

It is provided in KRS 189.490 that no person shall operate a trailer upon any highway without a license or permit. There are four other sections of the statutes referred to in 189.490, but we are not concerned with them as it is admitted by appellants they have no application here. Motor traffic is regulated by KRS Chapter 189. The first section deals with definitions and we are concerned with three of them; subsections 3, 5 and 10 of KRS 189.010.

Subsection 3 thereof reads: " 'Motor truck' means any motor-propelled vehicle designed for carrying freight or merchandise. It shall not include self-propelled vehicles designed primarily for passenger transportation, but equipped with frames, racks or bodies having a load capacity of not exceeding one thousand pounds.''

Subsection 5 thereof reads: " 'Semi-trailer' means a vehicle designed to be attached to, and having its front end supported by, a motor truck or truck tractor, intended for the carrying of freight or merchandise and having a load capacity of over one thousand pounds.''

Subsection 10 thereof reads: " 'Trailer' means any vehicle designed to be drawn by a motor truck or truck-tractor, but supported wholly upon its own wheels, intended for the carriage of freight or merchandise, and having a load capacity of over one thousand pounds.''

Appellants insist that when appellee attached this four-wheel vehicle behind his passenger car and operated same on the highway, his automobile became a motor truck, or truck-tractor propelling a trailer or semi-trailer as defined in subsections 5 and 10 in KRS 189.010 above quoted. This small trailer is a Sears Roebuck rubber-tired farm wagon expressly adapted for hitching to an automobile and is capable of carrying some 1200 or 2000 pounds.

It is patent this wagon is not a semi-trailer as defined in subsection 5 of KRS 189.010, because its front end is not supported by the automobile even if the latter should be considered a motor truck or a truck-tractor. So this section of the statute is not applicable.

This little farm wagon has a capacity of over one thousand pounds of freight or merchandise, therefore, under KRS 189.010(10) a license is required if it is propelled by a motor truck or a truck-tractor. Appellee's automobile is not a motor truck under KRS 189.010(3) because it is not designed for carrying freight or merchandise, but is designed solely for the transportation of passengers.

By the process of elimination appellee's automobile must be classified as a truck-tractor if a license is to be required of him in the operation of his wagon.

We find no definition of a truck-tractor, but even a child knows it is a large, high-powered truck designed solely for the purpose of pulling heavy loads in a trailer or semi-trailer attached to it. If appellee's automobile cannot be classified as a truck under 189.010(3) while it is pulling his little wagon, a fortiori it cannot be classified as a truck-tractor while so doing. Manifestly, before any vehicle can be classified as a truck-tractor it must first possess the attributes of a truck. Every truck is not a truck-tractor, but the converse is true, every truck-tractor is a truck. Its very name so implies and the vehicle, itself, shows this to be a fact.

Whether intentionally or unintentionally the General Assembly did not provide for the licensing of small, four-wheel rubbed-tired farm wagons pulled behind passenger cars. It is said in brief for appellee that a bill was introduced in the House during the 1948 session providing for licensing and regulating all such trailers and it was "turned down cold." Be that as it may, there is no statute providing for licensing or regulating such vehicles.

The right to use a public highway is not absolute and unconditional, but is subject to reasonable regulation by the General Assembly within constitutional limitations. Certainly, officers have no right to impose regulations or limitations upon the usual and customary use of public highways. Winston & Co. v. Clark County, 178 Ky. 447, 199 S. W. 51. In the absence of statutory regulation, the owner of a vehicle, not dangerous within itself when properly operated, has the right to use the public highways when he does not interfere with the use of same by others. 40 C. J. S., Highways, secs. 232

and 233, page 240 et seq. At any time the General Assembly sees fit to license and regulate the character of vehicle operated by appellee, it may do so; but until it acts, appellants cannot interfere with appellee because the existing statutes have imposed no license or special regulation upon such a vehicle.

The judgment is affirmed.